**TIFFANY & BOSCO, P.A.**
Richard G. Himelrick (#004738)
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
E-mail:  rgh@tblaw.com

**GLANCY PRONGAY & MURRAY LLP**
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
E-mail: lglancy@glancylaw.com; rprongay@glancylaw.com;
        lportnoy@glancylaw.com; clinehan@glancylaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Glenn Schoenfeld, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>              v.<br><br>Inventure Foods, Inc.; Terry McDaniel; and Steve Weinberger;<br><br>                              Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff GLENN SCHOENFELD ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by INVENTURE FOODS, INC., ("INVENTURE FOODS" or the "Company"), with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by INVENTURE FOODS; and (c) review of other publicly available information concerning INVENTURE FOODS.

## NATURE OF THE ACTION AND OVERVIEW

1. This is a class action on behalf of persons and entities that acquired INVENTURE FOODS securities between March 3, 2016, and March 16, 2017, inclusive (the "Class Period"), against the Defendants,[1] seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

2. INVENTURE FOODS purportedly markets and manufactures healthy and natural specialty snack foods.

3. On March 9, 2017, the Company disclosed that it would not be able to timely file its annual report on Form 10-K for its fiscal year ended December 31, 2016 and that it expected to file a notification of late filing on Form 12b-25 with the SEC to obtain a 15-day extension of the filing deadline for the Form 10-K. The Company claimed it needed additional time to complete certain intangible asset and goodwill impairment tests, and that, as a result, the Company's independent registered public accounting firm had not completed its audit of the Company's financial statements and the assessment of the Company's internal control over financial reporting.

4. On March 16, 2017, the Company filed the notice of late filing on Form 12b-25. Therein, the Company disclosed that the Company anticipated that its statements

---

[1] "Defendants" refers to Inventure Foods, Inc., Terry McDaniel, and Steve Weinberger, collectively.

of operations contained in its 2016 annual report would differ materially from those reported for its fourth quarter and fiscal year 2015 in its press release filed with the SEC on March 3, 2016.

5.     On this news, the price of INVENTURE FOODS common stock fell $0.13 per share, or 2.5%, to close at $4.91 per share on March 17, 2017, on unusually heavy trading volume.  The stock price continued to decline in the following trading days, falling $0.48 per share (9.7%) on March 20, 2017, and $0.41 per share (9.2%) on March 21, 2017, to close at $4.02 per share on March 21, 2017.

6.     Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose: (1) that the Company lacked adequate internal controls over accounting and financial reporting; (2) that, as a result, the Company's statements of operations in its fiscal year 2015 results press release contained incorrect figures; and (3) that, as a result of the foregoing, Defendants' statements about INVENTURE FOODS'S business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

7.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

8.     The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

10.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)).  Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial

District.  Many of the acts charged herein, including the dissemination of materially false and/or misleading information, occurred in substantial part in this Judicial District.  In addition, the Company's shares are actively traded in this Judicial District.

11.    In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

12.    Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased INVENTURE FOODS common stock during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

13.    Defendant INVENTURE FOODS, INC. is incorporated in Delaware and its headquarters are in Phoenix, Arizona.  INVENTURE FOODS'S common stock trades on the NASDAQ Stock Market ("NASDAQ") under the symbol "SNAK."

14.    Defendant TERRY MCDANIEL ("McDaniel") was the Chief Executive Officer ("CEO") of INVENTURE FOODS at all relevant times.

15.    Defendant STEVE WEINBERGER ("Weinberger") was the Chief Financial Officer ("CFO") of INVENTURE FOODS at all relevant times.

16.    Defendants McDaniel and Weinberger (collectively the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of INVENTURE FOODS'S reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, *i.e.*, the market.  The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected.  Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the

adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.  The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

17.    INVENTURE FOODS purportedly markets and manufactures healthy and natural specialty snack foods.

### Materially False and Misleading
### Statements Issued During the Class Period

18.    The Class Period begins on March 3, 2016.  On that day, the Company issued a press release entitled "INVENTURE FOODS Reports Fourth Quarter and Fiscal 2015 Financial Results."  Therein, the Company, in relevant part, stated:

INVENTURE FOODS, INC. (NASDAQ:SNAK) ("INVENTURE FOODS" or the "Company"), a leading specialty food marketer and manufacturer, today reported financial results for the fourth quarter and fiscal year ended December 26, 2015.

**Fourth Quarter 2015 Highlights:**

- Consolidated net revenues decreased 6.9% to $68.7 million, excluding the Fresh Frozen business, consolidated net revenues decreased 2.0%
- Boulder Canyon net revenues decreased 4.6% due to reduced promotional activity
- Snack premium private label net revenues increased 17%
- Rader Farms branded net revenues increased 20.7%

**Fiscal Year 2015 Highlights**

- Consolidated net revenues decreased 1.1% to $282.6 million, excluding the Fresh Frozen business since the product recall, consolidated net revenues increased 5.9%
- Boulder Canyon net revenues increased 17.9%
- Snack premium private label net revenues increased 32.0%
- Frozen berries net revenues increased 4.1%; Rader Farms branded net revenues increased 28.7%

*(All comparisons above are to the fourth quarter and fiscal year 2014)*

"We continued to experience operational challenges in the quarter, however, we were still able to end the year with a solid increase in the Snack segment

with net revenues up approximately 9%, driven by strong Boulder Canyon and premium private label growth," said TERRY MCDANIEL, Chief Executive Officer of INVENTURE FOODS. "We continue to believe the headwinds we've experienced in our business are transitory and we expect to see improvement in our consolidated business as we progress through 2016. Going forward, our team remains focused on regaining momentum in Fresh Frozen and better meeting customer demand through increased Boulder Canyon capacity. We believe we have the right long-term strategy in place to achieve increased distribution and volume growth across our frozen and snack brand portfolios."

\*        \*        \*

**INVENTURE FOODS, INC. AND SUBSIDIARIES CONDENSED CONSOLIDATED STATEMENTS OF OPERATIONS**

19.    On March 10, 2016, the Company filed its annual report on Form 10-K for the 2015 fiscal year.  The Form 10-K was signed by Defendant McDaniel, and reaffirmed the financial results announced in the press release issued on March 3, 2016.

20.    The Form 10-K also contained certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX"), signed by defendants McDaniel and Weinberger, who certified the following:

1. I have reviewed this Annual Report on Form 10-K of INVENTURE FOODS, INC.;

2. Based on my knowledge, this Annual Report on Form 10-K does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by this Annual Report on Form 10-K;

3. Based on my knowledge, the financial statements, and other financial information included in this Annual Report on Form 10-K, fairly present in all material respects the financial condition, results of operations and cash flows of the registrant as of, and for, the periods presented in this Annual Report on Form 10-K;

4. The registrant's other certifying officer(s) and I are responsible for establishing and maintaining disclosure controls and procedures (as defined in Exchange Act Rules 13a-15(e) and 15d-15(e)) and internal control over financial reporting (as defined in Exchange Act Rules 13a-15(f) and 15d-15(f)) for the registrant and have:

a) Designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under our supervision, to ensure that material information relating to the registrant, including its consolidated subsidiaries, is made known to

us by others within those entities, particularly during the period in which this Annual Report on Form 10-K is being prepared;

b) Designed such internal control over financial reporting, or caused such internal control over financial reporting to be designed under our supervision, to provide reasonable assurance regarding the reliability of financial reporting and the preparation of financial statements for external purposes in accordance with generally accepted accounting principles;

c) Evaluated the effectiveness of the registrant's disclosure controls and procedures and presented in this Annual Report on Form 10-K our conclusions about the effectiveness of the disclosure controls and procedures, as of the end of the period covered by this Annual Report on Form 10-K based on such evaluation; and

d) Disclosed in this Annual Report on Form 10-K any change in the registrant's internal control over financial reporting that occurred during the registrant's most recent fiscal quarter (the registrant's fourth fiscal quarter in the case of an annual report) that has materially affected, or is reasonably likely to materially affect, the registrant's internal control over financial reporting; and

5. The registrant's other certifying officer(s) and I have disclosed, based on our most recent evaluation of internal control over financial reporting, to the registrant's auditors and the audit committee of the registrant's board of directors (or persons performing the equivalent functions):

a) All significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the registrant's ability to record, process, summarize and report financial information; and

b) Any fraud, whether or not material, that involves management or other employees who have a significant role in the registrant's internal control over financial reporting.

21.    On April 28, 2016, the Company issued a press release entitled "INVENTURE FOODS Reports First Quarter 2016 Financial Results."  Therein, the Company, in relevant part, stated:

INVENTURE FOODS, INC. (NASDAQ:SNAK) ("INVENTURE FOODS" or the "Company"), a leading specialty food marketer and manufacturer, today reported financial results for the first quarter ended March 26, 2016.

**First Quarter 2016 Highlights:**

- Net loss was $(1.0) million, or $(0.05) per share
- EBITDA* was $2.5 million
- Consolidated net revenues decreased 10.0% to $69.9 million
- Boulder Canyon net revenues increased 4.8%
- Rader Farms branded net revenues increased 104.6%

- Jamba net revenues increased 2.3%
- Private label fruit revenues increased 32.6%

*(All comparisons above are to the first quarter of fiscal 2015)*

"We are pleased with our start to 2016 and believe the sequential improvement across key financial metrics demonstrates our initial steps on our path back to profitability," said TERRY MCDANIEL, Chief Executive Officer of INVENTURE FOODS. "Within the snack and frozen segments our key brands generated revenue growth compared to the first quarter of last year, with Boulder Canyon up 5% and Radar Farms brand up 105%. We remain focused on the strategic initiatives that will improve both our operational and financial performance as we progress through the year."

22.    On May 3, 2016, the Company filed its annual report on Form 10-Q for the first quarter of 2016. The Form 10-Q was signed by Defendant Weinberger, and reaffirmed the financial results announced in the press release issued on April 28, 2016. The Form 10-Q contained certifications pursuant to SOX, signed by Defendants McDaniel and Weinberger, substantially similar to the certification described in ¶20, *supra*.

23.    On July 27, 2016, the Company issued a press release entitled "INVENTURE FOODS Reports Second Quarter 2016 Financial Results." Therein, the Company, in relevant part, stated:

INVENTURE FOODS, INC. (NASDAQ:SNAK) ("INVENTURE FOODS" or the "Company"), a leading specialty food marketer and manufacturer, today reported financial results for the second quarter and six months ended June 25, 2016.

**Second Quarter 2016 Highlights:**

- Consolidated net revenues increased 4.3% to $69.3 million
- Net loss of $(0.3) million, or $(0.01) loss per share
- EBITDA* of $3.6 million
- Healthy/natural products net sales increased 9.3%
- Frozen fruit net revenues increased 7.4%
- Rader Farms branded net revenues increased 158.8%
- Snack segment gross margin increased 250 basis points to 19.7%

*(All comparisons above are to the second quarter of fiscal 2015)*

"We remain focused on the operational and financial improvement of our business," said TERRY MCDANIEL, Chief Executive Officer of INVENTURE FOODS. "During the second quarter, we made progress on our key initiatives with another quarter of sequential improvement in gross margin, which contributed to a $1.1 million increase in EBITDA, as compared to the first quarter of 2016."

Mr. McDaniel continued, "As our management team and our Board of Directors commence a comprehensive strategic and financial review of the Company, we are simultaneously moving forward with our initiatives to strengthen our foundation, increase productivity across our frozen and snack segments and sustain operating momentum to maximize shareholder value."

24.    On July 28, 2016, the Company filed its annual report on Form 10-Q for the second quarter of 2016.  The Form 10-Q was signed by Defendant Weinberger, and reaffirmed the financial results announced in the press release issued on July 27, 2016. The Form 10-Q contained certifications pursuant to SOX, signed by Defendants McDaniel and Weinberger, substantially similar to the certification described in ¶20, *supra*.

25.    On November 2, 2016, the Company issued a press release entitled "INVENTURE FOODS Reports Third Quarter 2016 Financial Results."  Therein, the Company, in relevant part, stated:

INVENTURE FOODS, INC. (NASDAQ:SNAK) ("INVENTURE FOODS" or the "Company"), a leading specialty food marketer and manufacturer, today reported financial results for the third quarter and nine months ended September 24, 2016.

Third Quarter 2016 Highlights:

- Boulder Canyon net revenues increased 8.6%
- Jamba net revenues increased 8.6%
- Rader Farms branded net revenues increased 37.2%
- Snack products segment gross margin increased 300 basis points to 17.7%

*(All comparisons above are to the third quarter of fiscal 2015)*

"Although our business continued to face certain challenges, our efforts to drive improvement across key areas of our business resulted in increased revenues for our Boulder Canyon, Jamba, and Rader Farms brands," said TERRY MCDANIEL, Chief Executive Officer of INVENTURE FOODS. "Additionally, we achieved margin expansion of approximately 300 basis points in the Snack products segment, as a result of the strategic investments we made to increase kettle capacity at our Bluffton, Indiana facility to meet strong consumer demand."

Mr. McDaniel continued, "Our management team continues to evaluate opportunities for growth, increased productivity, operational improvements, and in turn profitability expansion. Our team remains focused on expanding distribution of our frozen and snack product portfolios to drive sales,

1    strengthen our business, and drive long-term value creation for our

2    shareholders."

3    26.    On July 28, 2016, the Company filed its annual report on Form 10-Q for the

4    third quarter of 2016.    The Form 10-Q was signed by Defendant Weinberger, and

5    reaffirmed the financial results announced in the press release issued on November 2,

6    2016.  The Form 10-Q contained certifications pursuant to SOX, signed by Defendants

7    McDaniel and Weinberger, substantially similar to the certification described in ¶20,

8    *supra*.

9    27.    On March 9, 2017, the Company disclosed that it would not be able to

10   timely file its annual report on Form 10-K for its fiscal year ended December 31, 2016

11   and that it expected to file a notification of late filing on Form 12b-25 with the SEC to

12   obtain a 15-day extension of the filing deadline for the Form 10-K.    The Company

13   claimed it needed additional time to complete certain intangible asset and goodwill

14   impairment tests, and that, as a result, the Company's independent registered public

15   accounting firm had not completed its audit of the Company's financial statements and

16   the assessment of the Company's internal control over financial reporting.    In greater

17   part, the Company stated:

18       INVENTURE FOODS, INC. (Nasdaq: SNAK), a leading specialty food
         marketer and manufacturer, today announced that it will release its financial
19       results for the fourth quarter and fiscal year ended December 31, 2016 on
         Thursday, March 30, 2017, before market open. The Company expects it
20       will not be able to timely file its Annual Report on Form 10-K for its fiscal
         year ended December 31, 2016 (the "Form 10-K") and expects to file a
21       notification of late filing on Form 12b-25 with the Securities and Exchange
         Commission to obtain a 15-day extension of the filing deadline for the
22       Form 10-K.

23       The Company requires additional time to complete certain intangible asset
         and goodwill impairment tests.  As a result, the Company's independent
24       registered public accounting firm has not completed its audit of the
         Company's financial statements and the assessment of the Company's
25       internal control over financial reporting.

26   28.    The above statements identified in ¶¶18-27 were materially false and/or

27   misleading, as well as failed to disclose material adverse facts about the Company's

28   business, operations, and prospects.  Specifically, Defendants failed to disclose: (1) that

the Company lacked adequate internal controls over accounting and financial reporting; (2) that, as a result, the Company's statements of operations in its fiscal year 2015 results press release contained incorrect figures; and (3) that, as a result of the foregoing, Defendants' statements about INVENTURE FOODS'S business, operations, and prospects, were false and misleading and/or lacked a reasonable basis.

### Disclosures at the End of the Class Period

29.     On March 16, 2017, the Company filed the notice of late filing on Form 12b-25.  Therein, the Company disclosed that Company anticipated that its statements of operations contained in its 2016 annual report would differ materially from those reported for its fourth quarter and fiscal year 2015 in its press release filed with the SEC on March 3, 2016.  In greater part, the Company stated:

> As of March 16, 2017, the filing deadline for its Annual Report on Form 10-K for fiscal 2016 ("Annual Report"), INVENTURE FOODS, INC. (the "Company") had not yet completed its Fresh Frozen Foods trademark and goodwill impairment tests. As a result, the Company's independent registered public accounting firm has not completed their audit of the Company's financial statements and the assessment of the Company's internal control over financial reporting. The Company cannot eliminate the reasons causing the inability to file timely without unreasonable effort or expense. The Company intends to file the Annual Report as soon as practicable, and expects to do so on or before the fifteenth calendar day following the due date of the Annual Report.

> The Company anticipates that its statements of operations contained in the Annual Report will differ materially from those reported for its fourth quarter and fiscal year 2015 in its press release dated and filed with the Securities and Exchange Commission on March 3, 2016.

30.     On this news, the price of INVENTURE FOODS common stock fell $0.13 per share, or 2.5%, to close at $4.91 per share on March 17, 2017, on unusually heavy trading volume.  The stock price continued to decline in the following trading days, falling $0.48 per share (9.7%) on March 20, 2017, and $0.41 per share (9.2%) on March 21, 2017, to close at $4.02 per share on March 21, 2017.

.   .   .

.   .   .

## INVENTURE FOOD'S VIOLATION OF GAAP RULES
## IN ITS FINANCIAL STATEMENTS
## FILED WITH THE SEC

31.     These financial statements and the statements about the Company's financial results were false and misleading, as such financial information was not prepared in conformity with GAAP, nor was the financial information a fair presentation of the Company's operations due to the Company's improper recording of revenue, in violation of GAAP rules.

32.     GAAP are those principles recognized by the accounting profession as the conventions, rules and procedures necessary to define accepted accounting practice at a particular time.   Regulation S-X (17 C.F.R. § 210.4-01(a)(1)) states that financial statements filed with the SEC which are not prepared in compliance with GAAP are presumed to be misleading and inaccurate.  Regulation S-X requires that interim financial statements must also comply with GAAP, with the exception that interim financial statements need not include disclosure which would be duplicative of disclosures accompanying annual financial statements. 17 C.F.R. § 210.10-01(a).

33.     The fact that INVENTURE FOODS announced that it intends to restate certain of its financial statements, and informed investors that these financial statements should not be relied upon is an admission that they were false and misleading when originally issued (APB No.20, 7-13; SFAS No. 154, 25).

34.     Given these accounting irregularities, the Company announced financial results that were in violation of GAAP and the following principles:

(a)     The principle that "interim financial reporting should be based upon the same accounting principles and practices used to prepare annual financial statements" was violated (APB No. 28, 10);

(b)     The principle that "financial reporting should provide information that is useful to present to potential investors and creditors and other users in making rational investment, credit, and similar decisions" was violated (FASB Statement of Concepts No. 1, 34);

1              (c)     The principle that "financial reporting should provide information
2 about the economic resources of INVENTURE FOODS, the claims to those resources,
3 and effects of transactions, events, and circumstances that change resources and claims to
4 those resources" was violated (FASB Statement of Concepts No. 1, 40);

5              (d)     The principle that "financial reporting should provide information
6 about INVENTURE FOODS'S financial performance during a period" was violated
7 (FASB Statement of Concepts No. 1, 42);

8              (e)     The principle that "financial reporting should provide information
9 about how management of INVENTURE FOODS has discharged its stewardship
10 responsibility to owners (stockholders) for the use of INVENTURE FOODS resources
11 entrusted to it" was violated (FASB Statement of Concepts No. 1, 50);

12             (f)     The principle that "financial reporting should be reliable in that it
13 represents what it purports to represent" was violated (FASB Statement of Concepts No.
14 2, 58-59);

15             (g)     The principle that "completeness, meaning that nothing is left out of
16 the information that may be necessary to insure that it validly represents underlying
17 events and conditions" was violated (FASB Statement of Concepts No. 2, 79); and

18             (h)     The principle that "conservatism be used as a prudent reaction to
19 uncertainty to try to ensure that uncertainties and risks inherent in business situations are
20 adequately considered" was violated (FASB Statement of Concepts No. 2, 95).

21     35.     The adverse information concealed by Defendants during the Class Period
22 and detailed above was in violation of Item 303 of Regulation S-K under the federal
23 securities law (17 C.F.R. §229.303).

24 **CLASS ACTION ALLEGATIONS**

25     36.     Plaintiff brings this action as a class action pursuant to Federal Rule of
26 Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities
27 that acquired INVENTURE FOODS'S securities between March 3, 2016, and March 16,
28 2017, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class

1    are Defendants, the officers and directors of the Company, at all relevant times, members

2    of their immediate families and their legal representatives, heirs, successors, or assigns,

3    and any entity in which Defendants have or had a controlling interest.

4          37.    The members of the Class are so numerous that joinder of all members is

5    impracticable.    Throughout the Class Period, INVENTURE FOODS'S common stock

6    actively traded on the NASDAQ.    While the exact number of Class members is unknown

7    to Plaintiff at this time and can only be ascertained through appropriate discovery,

8    Plaintiff believes that there are at least hundreds or thousands of members in the proposed

9    Class.    Millions of INVENTURE FOODS shares were traded publicly during the Class

10    Period on the NASDAQ.    As of October 31, 2016, INVENTURE FOODS had

11    19,671,834 shares of common stock outstanding.    Record owners and other members of

12    the Class may be identified from records maintained by INVENTURE FOODS or its

13    transfer agent and may be notified of the pendency of this action by mail, using the form

14    of notice similar to that customarily used in securities class actions.

15          38.    Plaintiff's claims are typical of the claims of the members of the Class as

16    all members of the Class are similarly affected by Defendants' wrongful conduct in

17    violation of federal law that is complained of herein.

18          39.    Plaintiff will fairly and adequately protect the interests of the members of

19    the Class and has retained counsel competent and experienced in class and securities

20    litigation.

21          40.    Common questions of law and fact exist as to all members of the Class and

22    predominate over any questions solely affecting individual members of the Class.

23    Among the questions of law and fact common to the Class are:

24          (a)    whether the federal securities laws were violated by Defendants' acts as

25    alleged herein;

26          (b)    whether statements made by Defendants to the investing public during the

27    Class Period omitted and/or misrepresented material facts about the business, operations,

28    and prospects of INVENTURE FOODS; and

1    (c)    to what extent the members of the Class have sustained damages and the

2    proper measure of damages.

3    41.    A class action is superior to all other available methods for the fair and

4    efficient adjudication of this controversy since joinder of all members is impracticable.

5    Furthermore, as the damages suffered by individual Class members may be relatively

6    small, the expense and burden of individual litigation makes it impossible for members of

7    the Class to individually redress the wrongs done to them.  There will be no difficulty in

8    the management of this action as a class action.

9                          **UNDISCLOSED ADVERSE FACTS**

10    42.    The market for INVENTURE FOODS'S securities was open, well-

11    developed and efficient at all relevant times.  As a result of these materially false and/or

12    misleading statements, and/or failures to disclose, INVENTURE FOODS'S securities

13    traded at artificially inflated prices during the Class Period.  Plaintiff and other members

14    of the Class purchased or otherwise acquired INVENTURE FOODS'S securities relying

15    upon the integrity of the market price of the Company's securities and market

16    information relating to INVENTURE FOODS, and have been damaged thereby.

17    43.    During the Class Period, Defendants materially misled the investing public,

18    thereby inflating the price of INVENTURE FOODS'S securities, by publicly issuing

19    false and/or misleading statements and/omitting to disclose material facts necessary to

20    make Defendants' statements, as set forth herein, not false and/or misleading.  The

21    statements and omissions were materially false and/or misleading because they failed to

22    disclose material adverse information and/or misrepresented the truth about

23    INVENTURE FOODS'S business, operations, and prospects as alleged herein.

24    44.    At all relevant times, the material misrepresentations and omissions

25    particularized in this Complaint directly or proximately caused or were a substantial

26    contributing cause of the damages sustained by Plaintiff and other members of the Class.

27    As described herein, during the Class Period, Defendants made or caused to be made a

28    series of materially false and/or misleading statements about INVENTURE FOODS'S

financial well-being and prospects.  These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

45.    Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

46.    During the Class Period, Plaintiff and the Class purchased INVENTURE FOODS'S securities at artificially inflated prices and were damaged thereby.  The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

47.    As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.  As set forth elsewhere herein in detail, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding INVENTURE FOODS, their control over, and/or receipt and/or modification of INVENTURE FOODS'S allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning INVENTURE FOODS,

1    participated in the fraudulent scheme alleged herein.

2    **APPLICABILITY OF PRESUMPTION OF RELIANCE**
     **(FRAUD-ON-THE-MARKET DOCTRINE)**

3

4    48.    The market for INVENTURE FOODS'S securities was open, well-

5    developed and efficient at all relevant times.  As a result of the materially false and/or

6    misleading statements and/or failures to disclose, INVENTURE FOODS'S securities

7    traded at artificially inflated prices during the Class Period.  On December 21, 2016, the

8    Company's stock price closed at a Class Period adjusted high of $10.04 per share.

9    Plaintiff and other members of the Class purchased or otherwise acquired the Company's

10   securities relying upon the integrity of the market price of INVENTURE FOODS'S

11   securities and market information relating to INVENTURE FOODS, and have been

12   damaged thereby.

13   49.    During the Class Period, the artificial inflation of INVENTURE FOODS'S

14   stock was caused by the material misrepresentations and/or omissions particularized in

15   this Complaint causing the damages sustained by Plaintiff and other members of the

16   Class.  As described herein, during the Class Period, Defendants made or caused to be

17   made a series of materially false and/or misleading statements about INVENTURE

18   FOODS'S business, prospects, and operations.  These material misstatements and/or

19   omissions created an unrealistically positive assessment of INVENTURE FOODS and its

20   business, operations, and prospects, thus causing the price of the Company's securities to

21   be artificially inflated at all relevant times, and when disclosed, negatively affected the

22   value of the Company stock.  Defendants' materially false and/or misleading statements

23   during the Class Period resulted in Plaintiff and other members of the Class purchasing

24   the Company's securities at such artificially inflated prices, and each of them has been

25   damaged as a result.

26   50.    At all relevant times, the market for INVENTURE FOODS'S securities

27   was an efficient market for the following reasons, among others:

28   (a)    INVENTURE FOODS stock met the requirements for listing, and was

listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b)    As a regulated issuer, INVENTURE FOODS filed periodic public reports with the SEC and/or the NASDAQ;

(c)    INVENTURE FOODS regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)    INVENTURE FOODS was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace.

51.    As a result of the foregoing, the market for INVENTURE FOODS'S securities promptly digested current information regarding INVENTURE FOODS from all publicly available sources and reflected such information in INVENTURE FOODS'S stock price. Under these circumstances, all purchasers of INVENTURE FOODS'S securities during the Class Period suffered similar injury through their purchase of INVENTURE FOODS'S securities at artificially inflated prices and a presumption of reliance applies.

52.    A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute INVENTURE FOODS of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions.  Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery. All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions.  Given

1  the importance of the Class Period material misstatements and omissions set forth above,

2  that requirement is satisfied here.

3                          **NO SAFE HARBOR**

4         53.    The statutory safe harbor provided for forward-looking statements under

5  certain circumstances does not apply to any of the allegedly false statements pleaded in

6  this Complaint. The statements alleged to be false and misleading herein all relate to

7  then-existing facts and conditions. In addition, to the extent certain of the statements

8  alleged to be false may be characterized as forward looking, they were not identified as

9  "forward-looking statements" when made and there were no meaningful cautionary

10 statements identifying important factors that could cause actual results to differ materially

11 from those in the purportedly forward-looking statements. In the alternative, to the extent

12 that the statutory safe harbor is determined to apply to any forward-looking statements

13 pleaded herein, Defendants are liable for those false forward-looking statements because

14 at the time each of those forward-looking statements was made, the speaker had actual

15 knowledge that the forward-looking statement was materially false or misleading, and/or

16 the forward-looking statement was authorized or approved by an executive officer of

17 INVENTURE FOODS who knew that the statement was false when made.

18

19                          **FIRST CLAIM**
                **Violation of Section 10(b) of The Exchange Act and**
20                 **Rule 10b-5 Promulgated Thereunder**
                      **Against All Defendants**

21        54.    Plaintiff repeats and realleges each and every allegation contained above as

22 if fully set forth herein.

23        55.    During the Class Period, Defendants carried out a plan, scheme and course

24 of conduct which was intended to and, throughout the Class Period, did: (i) deceive the

25 investing public, including Plaintiff and other Class members, as alleged herein; and (ii)

26 cause Plaintiff and other members of the Class to purchase INVENTURE FOODS'S

27 securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and

28 course of conduct, Defendants, and each defendant, took the actions set forth herein.

56.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for INVENTURE FOODS'S securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

57.     Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about INVENTURE FOODS'S financial well-being and prospects, as specified herein.

58.     Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of INVENTURE FOODS'S value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about INVENTURE FOODS and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

59.     Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the

Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

60.     Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing INVENTURE FOODS'S financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities.   As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

61.     As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of INVENTURE FOODS'S securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class

1  Period, Plaintiff and the other members of the Class acquired INVENTURE FOODS'S

2  securities during the Class Period at artificially high prices and were damaged thereby.

3      62.    At the time of said misrepresentations and/or omissions, Plaintiff and other

4  members of the Class were ignorant of their falsity, and believed them to be true.  Had

5  Plaintiff and the other members of the Class and the marketplace known the truth

6  regarding the problems that INVENTURE FOODS was experiencing, which were not

7  disclosed by Defendants, Plaintiff and other members of the Class would not have

8  purchased or otherwise acquired their INVENTURE FOODS securities, or, if they had

9  acquired such securities during the Class Period, they would not have done so at the

10  artificially inflated prices which they paid.

11      63.    By virtue of the foregoing, Defendants violated Section 10(b) of the

12  Exchange Act and Rule 10b-5 promulgated thereunder.

13      64.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff

14  and the other members of the Class suffered damages in connection with their respective

15  purchases and sales of the Company's securities during the Class Period.

16                    **SECOND CLAIM**
                **Violation of Section 20(a) of The Exchange Act**
17              **Against the Individual Defendants**

18      65.    Plaintiff repeats and realleges each and every allegation contained above as

19  if fully set forth herein.

20      66.    Individual Defendants acted as controlling persons of INVENTURE

21  FOODS within the meaning of Section 20(a) of the Exchange Act as alleged herein. By

22  virtue of their high-level positions and their ownership and contractual rights,

23  participation in, and/or awareness of the Company's operations and intimate knowledge

24  of the false financial statements filed by the Company with the SEC and disseminated to

25  the investing public, Individual Defendants had the power to influence and control and

26  did influence and control, directly or indirectly, the decision-making of the Company,

27  including the content and dissemination of the various statements which Plaintiff

28  contends are false and misleading. Individual Defendants were provided with or had

unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

67.    In particular, Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

68.    As set forth above, INVENTURE FOODS and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)    Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)    Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)    Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)    Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

1    Dated:  March 27, 2017

2                                    **TIFFANY & BOSCO, P.A.**

3

4                                    By:   */s/ Richard G. Himelrick*
5                                          Richard G. Himelrick
                                           Seventh Floor Camelback Esplanade II
6                                          2525 East Camelback Road
7                                          Phoenix, AZ 85016

8                                    **GLANCY PRONGAY & MURRAY LLP**
                                     Lionel Z. Glancy
9                                    Robert V. Prongay
                                     Lesley F. Portnoy
10                                   Charles H. Linehan
11                                   1925 Century Park East, Suite 2100
                                     Los Angeles, CA 90067
12

13                                   Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on March 27, 2017, I electronically filed the foregoing with

3 the Clerk of the Court using the CM/ECF system which will send notification of such

4 filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby

5 certify that I have mailed the foregoing document or paper via the United States Postal

6 Service to the non-CM/ECF participants indicated on the Manual Notice list.

7      I certify under penalty of perjury under the laws of the United States of America

8 that the foregoing is true and correct.

9

10                          */s/ Shelley Boettge*

11                          Shelley Boettge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28